## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RITVA RAUHALA,** | **Civil Action No. _____** |
| **Plaintiff,** | |
| | [Court of Common Pleas of Philadelphia County, Pennsylvania] |
| **v.** | |
| **GREATER NEW YORK MUTUAL INSURANCE, INC.** | **GREATER NEW YORK MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL** |
| **Defendant.** | |

PLEASE TAKE NOTICE that defendant Greater New York Mutual Insurance Company ("GNY" or "Defendant"),[1] by and through its undersigned counsel, hereby removes, with reservation of all defenses, the above-captioned action from the Pennsylvania Court of Common Pleas of Philadelphia County (the "State Court") to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§1332(d), 1441(a), 1446, and 1453(b). In support of this Notice of Removal, GNY states as follows:

## I.   FACTUAL AND PROCEDURAL BACKGROUND

1.    On or about April 6, 2022, Plaintiff Ritva Rauhala ("Plaintiff") filed a Class Action Complaint in Case No. 220400516, *Ritva Rauhala et al. v. Greater New York Mutual Insurance Company*, in the Pennsylvania Court of Common Pleas for Philadelphia County. A copy of the Class Action Complaint is attached hereto as Exhibit 1.

2.    GNY received a copy of the Complaint by certified mail on April 11, 2022.

3.    Plaintiff is a resident of Montgomery County, Pennsylvania. Compl. ¶ 19.

---

[1] Plaintiff's Complaint mistakenly referred to GNY as "Greater New York Mutual Insurance, Inc." in the above-referenced caption.

4.      GNY is a mutual insurance company with its primary place of business located in New York, New York.

5.      Plaintiff asserts claims against GNY on behalf of herself and all persons similarly situated. Compl. ¶ 12.

6.      Plaintiff asserts claims against GNY for negligence, negligence *per se*, unjust enrichment, and invasion of privacy. Compl. ¶ 14, ¶¶ 132-173.

7.      Plaintiff and class members seek "remedies including, but not limited to, compensatory damages, nominal damages, exemplary damages, reimbursement of out-of-pocket costs, and injunctive relief." Compl. ¶ 15.

8.      Plaintiff seeks to represent a putative class of "[a]ll persons GNY identified as being among those individuals impacted by the Data Breach, including, but not limited to, all who were sent a notice of the Data Breach." Compl. ¶ 123.

9.      Plaintiff alleges that "the [putative] Class consists of approximately 34,000 persons." Compl. ¶ 125.

## II.    THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.

10.     This Court has original jurisdiction over this putative class action, and this action may be removed to this Court, under the Class Action Fairness Act ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in pertinent part at 28 U.S.C. § 1332(d)).

11.     A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12.    Plaintiff brings this putative class action pursuant to Pa.R.C.P. 1702, which is Pennsylvania's equivalent to Fed. R. Civ. P. 23. This action therefore meets CAFA's definition of a "class action."

13.    Pursuant to 28 U.S.C. §§ 1332 and 1441, removal to this Court is proper under CAFA where: (1) there is minimal diversity (*i.e.*, the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), *see* 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, *see* 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based on the class members' aggregate claims exceeds $5 million exclusive of interest and costs, *see* 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, *see* 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, *see* 28 U.S.C. § 1446(b).

14.    The present action meets these five requirements and is therefore removable under CAFA.

15.    The Pennsylvania Court of Common Pleas for Philadelphia County is located within the Eastern District of Pennsylvania.

16.    GNY therefore seeks to remove this case to the United States District Court for the Eastern District of Pennsylvania.

**A.    Minimal Diversity Exists.**

17.    A party seeking removal need only show that one putative class member is a citizen of a state different from that of one defendant to satisfy CAFA's diversity requirement. 28 U.S.C. § 1332(d)(2).

- 3 -

18.     For diversity purposes, a "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C § 1332(c)(1).

19.     GNY is a mutual insurance company with its primary place of business located at 200 Madison Avenue, New York, NY.

20.     Plaintiff is a citizen of Pennsylvania. Compl. ¶ 19.

21.     Minimal Diversity therefore exists between the parties under CAFA.

**B.      There Are At Least 100 Putative Class Members.**

22.     Plaintiff alleges that "the [putative] Class consists of approximately 34,000 persons whose PII/PHI was compromised in the Data Breach." Compl. ¶ 125.

23.     There are therefore at least 100 putative class members, as required under CAFA.

**C.      As Alleged, The Aggregate Amount In Controversy Exceeds $5 Million.**

24.     Plaintiff seeks "remedies including, but not limited to, compensatory damages, nominal damages, exemplary damages, reimbursement of out-of-pocket costs, and injunctive relief including improvements to Defendant's data security systems, future annual audits, and adequate credit monitoring services funded by Defendant." Compl. ¶ 15.

25.     To invoke federal court jurisdiction, a notice of removal "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). *See also id.* at 87 ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

26.     Here, Plaintiff does not allege a specific amount in controversy. Therefore, the Court may consider the Notice of Removal and other relevant documents concerning the amount in controversy. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) ("[T]o determine

whether the minimum jurisdictional amount has been met in a diversity case removed to district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court."); *see also Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009).

27.     Under CAFA, the claims of individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). In addition, federal jurisdiction is appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42.

28.     In addition, any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case."). *See also Kaufman*, 561 F.3d at 151 ("[F]ederal jurisdiction exists unless it appears, to a legal certainty, that the plaintiff was never entitled to recover the jurisdictional amount.").

29.     Here, Plaintiff seeks several kinds of damages, including disgorgement of "proceeds that [GNY] unjustly received from them." Compl. ¶ 163; *see also id.* ¶ 15.

30.     Plaintiff alleges that she "anticipates spending considerable additional amounts of time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach." Compl. ¶ 114. She also alleges that "Plaintiff and Class Members may also incur out-of-pocket costs for protective measures such as credit monitoring fees, credit report fees, credit freeze fees, and similar costs directly or indirectly related to the Data Breach." Compl. ¶ 115. She alleges

that they must "vigilantly monitor their financial and medical accounts for many years to come." Furthermore, Plaintiff alleges that she and members of the putative class "have suffered anxiety, emotional distress, and loss of privacy, and are at an increased risk of future harm." Compl. ¶ 103.

31.    Plaintiff alleges that the putative class contains over 34,000 members. Compl. ¶ 125. Thus, each member would only need to allege $147.06 in damages to exceed the jurisdictional amount.

32.    Under 12 C.F.R. § 1022, a credit reporting agency can charge no more than $13.50 for a consumer to receive a credit report. *See* 86 Fed. Reg. 67,649 (Nov. 29, 2021). If Plaintiff and each putative class member ordered one credit report per year, at $13.50 a report, for the next five years, that would total $2,295,000.

33.    Plaintiff alleged that the credit monitoring services offered by GNY were "offered for an inadequate length of time." Compl. ¶ 120. Plaintiff seeks an order compelling GNY to pay for "not less than five years of adequate credit monitoring services for Plaintiff and the Class." Compl. at 39. Using the most basic identity protection plan offered by GNY's credit monitoring vendor, that coverage would cost $9.95/month per person (or $119.40/year), totaling $20,298,000 in credit monitoring services.[2]

34.    Accordingly, taking the cost of credit monitoring services and credit reports into account – in addition to Plaintiff's claims for unjust enrichment and disgorgement across the

---

[2] *See* Compl. fn 23; Plans and Pricing, IDX, https://www.idx.us/idx-identity/plans (last accessed Apr. 18, 2022).

proposed class of 34,000 individuals – Plaintiff's alleged claims satisfy the $5,000,000 amount in controversy jurisdictional requirement under CAFA.[3]

**D.    GNY Is Not A State, State Official, Or Other Governmental Entity.**

35.    GNY is neither a state nor a state official.

**E.    Removal Is Timely.**

36.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that such Notices "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

37.    GNY filed this Notice of Removal within 30 days of April 11, 2022, the date on which GNY was served with the Class Action Complaint. The Class Action Complaint was the first pleading from which it could be ascertained that "the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

38.    Thus, this action is being removed within 30 days of the first date after the receipt by GNY of service of any paper giving it notice that the action was removable.

**III.    PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

39.    This action fulfills the five requirements under CAFA for removal.

40.    This action has not previously been removed to federal court.

41.    A copy of this Notice of Removal is being filed with the State Court and served upon Plaintiff in accordance with 28 U.S.C. § 1446(d).

---

[3] GNY does not admit, and expressly disputes, the damages Plaintiff alleges and provides this analysis regarding the amount in controversy solely for purposes of removal. GNY further reserves the right to present additional evidence concerning Plaintiff's proposed damages and the other elements of Plaintiff's require relief, should Plaintiff contend that the amount in controversy requirement is not satisfied.

42.     Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the process, pleadings, and orders served upon GNY in the State Court Action are attached hereto as Exhibit 2.

43.     Removal to this Court is appropriate pursuant to 28 U.S.C. § 1441(a), since this Court is the "district court of the United States for the district and division embracing the place where [this] action is pending."

44.     Nothing in this Notice of Removal is intended to be or should be construed as any express or implied admission by GNY of any fact, of any validity, or of any merit attaching to any of Plaintiff's claims, causes of action, theories of damages, or allegations, or any liability for the same, all of which GNY hereby denies. Nothing in this Notice of Removal is intended to be or should be construed as any type of express or implied waiver or limitation of any of GNY's rights, claims, remedies, and defenses in connection with this action, all of which GNY hereby fully and expressly reserves. GNY expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, GNY hereby removes the above-captioned action now pending in State Court to the United States District Court for the Eastern District of Pennsylvania.

Dated: May 9, 2022

*/s/ Lianne Mantione*
Lianne Mantione (Pa. Id. 318149)
Colin R. Jennings*
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Tel: (216) 479-8471
Fax: (216) 479 8780
colin.jennings@squirepb.com
lianne.mantione@squirepb.com

- 8 -

*Attorney for Defendant Greater New York*
*Mutual Insurance Company*

\* *pro hac vice* application forthcoming

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was served via e-mail upon the following counsel on May 9, 2022.

Andrew W. Knox
Kathleen M. Vermilion
Keith T. Vernon
TIMONEY KNOX, LLP
400 Maryland Drive
P.O. Box 7544
Fort Washington, PA 19038
Tel: (215) 646-6000
Fax: (215) 646-5679
aknox@timoneyknox.com
kvermilion@timoneyknox.com
kvernon@timoneyknox.com

David K. Lietz
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
5335 Wisconsin Avenue NW
Suite 440
Washington, D.C. 20015-2052
Tel: (866) 252-0878
Fax: (202) 686-2877
dlietz@milberg.com

*/s/ Lianne Mantione*
Lianne Mantione
